# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES D. COPELAND, | ) | CASE NO. 5:12CV365 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CITY OF AKRON, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On February 15, 2012, pro se Plaintiff Charles D. Copeland filed this in forma pauperis action against the City of Akron and Judge R.R. Clunk. While the Complaint is unclear, Plaintiff appears to assert his civil rights were violated in connection with the administration of the guardianship and estate of Barbara J. Smith. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Pro se pleadings are to be liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But a district court is nevertheless required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99

---

[1] **Error! Main Document Only.**A claim may be dismissed sua sponte, without prior notice to the Plaintiff and without service of process on the Defendant, if a court explicitly states that it is invoking § 1915(e) (formerly 28 U.S.C. § 1915(d)) and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

The Federal Rules of Civil Procedure require that a pleading

> contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly,* 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557.
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* at 557 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citation format altered).

Even when liberally construed, Plaintiff's Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid claim. *See Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Further, to the extent Plaintiff seeks to raise issues relating to probate court matters, there is no suggestion of diversity of citizenship upon which this Court might have jurisdiction to address those issues.

Accordingly, this action is DISMISSED under 28 U.S.C. § 1915(e) because it fails to state a claim on which relief may be granted. Further, the Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

      **IT IS SO ORDERED**.


Dated: April 16, 2012

      **HONORABLE SARA LIOI**
      **UNITED STATES DISTRICT JUDGE**